COPE, J.
 

 The defendant, Ariez Marrero, appeals his convictions in a sexual battery case. Counts one through four were sexual battery. For each act of sexual battery, the defendant was convicted of two crimes: one count of armed sexual battery on a person twelve years of age or older,
 
 [1]
 
 and one count of sexual battery on a familial child while armed.
 
 [2]
 

 At sentencing the State requested that the court adjudicate the defendant guilty
 
 *145
 
 on counts three and four but not counts one and two. The State expressed concern that there might be a double jeopardy issue. The State explained that the information charged the same act in count one and three, and the same act in counts two and four. The trial court stated, “I don’t know that I agree with that legally, but if that’s the [State’s] request I’ll adhere to it.” The court orally adjudicated the defendant guilty on counts three and four, as well as count five.
 
 [3]
 
 The court imposed concurrent life sentences on counts three and four, and a concurrent thirty-year sentence on count five.
 

 Although the court had ordered that there would be no adjudication on counts one and two, the written judgment erroneously adjudicated the defendant guilty on counts one and two. The written sentencing order was consistent with the oral pronouncement, that is, it accurately recorded the orally pronounced sentences on counts three through five.
 
 [4]
 
 No sentence was imposed on counts one and two.
 

 On this appeal, the defendant argued that the adjudications on counts one and two violated double jeopardy principles. We do not need to reach that issue. The trial court’s oral pronouncement was that the defendant was not to be adjudicated guilty on counts one and two. We therefore strike the adjudication of guilt on counts one and two. Having done so, the double jeopardy question is moot.
 

 Affirmed as modified.
 

 [1]
 

 .
 
 See
 
 § 794.011(3), Fla. Stat. (2005). The crime date was April 10, 2005.
 

 [2]
 

 .
 
 See
 
 §§ 794.01 l(8)(b), 775.087 Fla. Stat. (2005).
 

 [3]
 

 . Count five was a conviction for lewd and lascivious molestation, which is not challenged on this appeal.
 

 [4]
 

 .
 
 See
 
 footnote three.